UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACI B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5343-MLP <br><br> ORDER |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by finding Plaintiff's Ehlers-Danos Syndrome and migraine headaches not severe at step two, by improperly evaluating medical evidence, and by discounting Plaintiff's testimony. (Dkt. # 19.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1977 and previously worked as a case manager, residence counselor, clinical therapist, social worker, and customer service manager. AR at 27-78. Plaintiff applied for benefits in May 2016, alleging disability as of June 17, 2015. *Id.* at 15. Plaintiff's application

ORDER - 1

was denied initially and on reconsideration. The ALJ held a hearing in July 2018, taking testimony from Plaintiff and a vocational expert. *See id.* at 73-124. In February 2019, the ALJ issued a decision finding Plaintiff not disabled from June 17, 2015, through the date of the decision. *Id.* at 12-29. In relevant part, the ALJ found Plaintiff's severe impairments of status post cervical surgery, degenerative changes with mild central stenosis and mild neural foraminal stenosis with disc osteophyte encroachments, status post lumbar laminectomy with mild disc degeneration at L5-S1 with mild lateral neural foraminal stenosis, microsurgical repair of Tarlov cysts, anxiety, and depression limited her to light work subject to a series of further limitations. *Id.* at 18, 20-21. Based on vocational expert testimony the ALJ found Plaintiff could perform light jobs found in significant numbers in the national economy. *Id.* at 28-29. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 1-2.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Excluding Ehlers-Danlos Syndrome and Migraine Headaches as Severe Impairments at Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). To establish a severe impairment at step two, the condition "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. Plaintiff carries the burden of proving an impairment is disabling; a statement of symptoms is insufficient. *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

Plaintiff argues the ALJ erred at step two by not finding migraine headaches and Ehlers-Danlos Syndrome (EDS) severe impairments. The ALJ found migraine headaches and EDS are medically determinable conditions but are not severe impairments. AR at 18. Regarding migraine headaches, the ALJ first found they are not severe because they were "medically managed with medication and Botox treatments." *Id*. Substantial evidence does not support the ALJ's rationale. As Plaintiff correctly argues, the record indicates Plaintiff's migraines were chronic in frequency and often were moderate-to-severe in intensity, despite treatment. *See, e.g.*, *id.* at 797, 868, 1723.

Next, the ALJ found "there is not a significant amount of neurological evidence in the record to support the severity alleged." AR at 18. The ALJ erred by requiring neurological evidence. *See* SSR 19-4p ("While imaging may be useful in ruling out other possible causes of headache symptoms, it is not required for a primary headache diagnosis."). Further, the ALJ does not have the expertise to evaluate what clinical findings are necessary to corroborate Plaintiff's claims, particularly when the cause of migraines is generally unknown. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"); *Johnson v. Saul*, No. 2:18-cv-226-EFC, 2019 WL 4747701, at *4 (E.D. Cal. Sept. 30, 2019) (noting that "the cause of migraine headaches is generally unknown"); *Groff v. Comm'r of Soc. Sec.*, No. 7:05-CV-54, 2008 WL 4104689, at *8 (N.D.N.Y. Sept. 3, 2008) (citing *The Merck Manual* 1376 (17th ed. 1999)). Because the ALJ did not discuss or weigh the impact of migraine headaches in determining Plaintiff's RFC, the ALJ harmfully erred by finding migraine headaches not severe at step two. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Regarding EDS, the ALJ found that although Plaintiff was diagnosed with the condition, it is not severe because she "received no treatment for this condition." AR at 18. Despite this finding, the ALJ discussed EDS in connection with weighing the opinions of Dr. Lee-Guzman. However, as discussed below, the ALJ erred in assessing Dr. Lee-Guzman's opinions and thus the failure to find EDS at step two cannot be deemed harmless. Additionally, Plaintiff argues the ALJ's assessment of Plaintiff's EDS reflects a "profound misunderstanding of the disease and Plaintiff's general condition." (Dkt. # 19 at 4.) In specific, Plaintiff argues migraine headaches often flow from EDS. Because the ALJ did not discuss or weigh the impact of migraine headaches, as discussed above, in determining Plaintiff's RFC, the ALJ never weighed the

connection between Plaintiff's migraines and her EDS. The Court accordingly concludes the ALJ harmfully erred by finding EDS not severe at step two. *See Buck*, 869 F.3d at 1049.

### B. The ALJ Erred in Evaluating the Medical Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Less weight may be assigned to the opinions of other sources. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). However, the ALJ's decision should reflect consideration of such opinions, *see* SSR 06-3p, and the ALJ may discount the evidence by providing reasons germane to each source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Plaintiff argues the ALJ misevaluated three medical opinions.

            1.    *The ALJ Erred by Discounting the Opinion of Treating Physician Corrine N. Lee-Guzman, D.O.*

Dr. Lee-Guzman completed a physical residual functional capacity assessment for Plaintiff on May 31, 2017. *See* AR 1083-90. Dr. Lee-Guzman opined Plaintiff "cannot lift more than 10 pounds for more than [one-third] of day due to laxity of ligaments from Ehlers Danos"; has a "limited ability to stand or sit more than 30 min[utes] at a time due to recent SI [joint] surgery"; and "cannot stand without crutches for post-op period." *Id*. at 1084. Dr. Lee-Guzman also opined "repetitive reaching can cause increase in laxity of joints and should be limited." *Id*. at 1086.

In weighing Dr. Lee-Guzman's opinion, the ALJ only found the doctor "opined the claimant was limited in her ability to reach due to" EDS, and gave this opinion "little weight" as

Plaintiff "has received minimal treatment" for EDS. AR at 26. The ALJ erred by failing to discuss the other portions of Dr. Lee-Guzman's opinion unrelated to reaching. Remand is thus necessary to afford the ALJ the opportunity to properly assess Dr. Lee-Guzman's opinion in the first instance. *See* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

        2.      *The ALJ Erred by Discounting the Opinion of Treating Physician Monika Wells, M.D.*

Dr. Wells completed a physical residual functional capacity assessment for Plaintiff on June 4, 2018. *See* AR at 1580-87. Dr. Wells opined Plaintiff could occasionally lift ten pounds, frequently lift and/or carry less than ten pounds, stand and/or walk at least two hours in an eight-hour workday, and sit less than about six hours in an eight-hour workday. *Id*. at 1581. More specifically, Dr. Wells opined Plaintiff is "unable to sit [more than] 30 min[utes] at a time or walk [more than] 1 [mile] because of joint pains" and "cannot lift as described because of shoulder limitations." *Id*. The ALJ gave this opinion "little weight." *Id*. at 27.

The ALJ first discounted Dr. Wells' opinion on the ground she "treated claimant for a brief period before making this assessment." AR at 27. The ALJ's reasoning fails. The ALJ made no findings that the length of Dr. Wells' treatment establishes the doctor's opinion is uninformed or unsupported. The record does not show Dr. Wells' treatment was so fleeting and insubstantial that she had no basis for rendering her opinions or that Dr. Wells was not Plaintiff's treating provider. To the contrary, the record indicates Dr. Wells treated Plaintiff multiple times in 2018. The ALJ gave no indication that he "consider[ed] whether [Dr. Wells] saw [Plaintiff] with a frequency consistent with accepted medical practice for this type of treatment." *Benton v. Barnhart,* 331 F.3d 1030, 1039 (9th Cir. 2003); *see also id.* at 1036 (noting that 20 C.F.R. § 404.1502 does not establish a "floor" for the minimum number of contacts that constitutes an

ongoing treatment relationship, but instead asks whether the frequency of contact is consistent with accepted medical practice for treatment and/or evaluation of the claimant's medical condition).

Next, the ALJ discounted Dr. Wells' opinion because "she is an internist and her opinion regarding orthopedic issues is beyond her area of expertise." AR at 27. This was not a valid ground upon which to discount the opinion of Dr. Wells, a medical doctor. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1996) (holding that if a treating physician provided treatment for the claimant's psychiatric impairment, his opinion constitutes "competent psychiatric evidence" and may not be discredited on the ground that he was not a board-certified psychiatrist); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) ("Under general principles of evidence law Dr. Gehlen is qualified to give a medical opinion as to Mrs. Sprague's mental state as it relates to her physical disability even though Dr. Gehlen is not a psychiatrist."); *see also* 20 C.F.R. § 404.1527(d)(2) (stating that treating physicians bring a "unique perspective to the medical evidence").

Finally, the ALJ discounted Dr. Wells' opinion as "based on claimant's subjective reports and not on physical examinations and objective studies." AR at 27. Substantial evidence does not support this ground. The record indicates Dr. Wells examined Plaintiff and assessed objective imaging results. *See, e.g.*, *id.* at 1372 (discussing May 2018 X-ray report); *id.* at 1440-43 (May 18, 2018 physical examination results); *id.* at 1444-45 (April 3, 2018 treatment note indicating physical examination); *id.* 1448-49 (January 26, 2018 treatment note indicating physical examination). The ALJ accordingly erred by discounting Dr. Wells' opinion.

### 3. The ALJ Erred by Discounting the "Other Source" Opinion of Francesa Gresik, DPT

Plaintiff's physical therapist opined Plaintiff could occasionally lift less than ten pounds, frequently lift and/or carry less than ten pounds, stand and/or walk less than two hours in an eight-hour workday, and sit less than about six hours in an eight-hour workday while periodically alternating between sitting and standing to relieve pain or discomfort. AR at 743. The ALJ gave Ms. Gresik's opinion "little weight." *Id*. at 26. The ALJ discounted Ms. Gresik's opinion as inconsistent with the medical evidence. However, because the ALJ misevaluated the medical opinion evidence as described above, this reasoning necessarily fails. The ALJ also discounted the opinion as inconsistent with Plaintiff's activities. *Id.* Substantial evidence does not support this finding. The ALJ cites isolated and minimal activities – specifically, taking a trip, camping, and being "independent with self-care," (*id*.) – that do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting Ms. Gresik's opinion.

**C. Other Assignments of Error**

Because this case must be remanded due to the errors identified above, the Court need not discuss in detail Plaintiff's other assignments of error: that the ALJ improperly gave greater weight to a the opinion of a non-examining doctor, improperly discounted Plaintiff's testimony,

ORDER - 8

and rendered a step five finding not supported by substantial evidence. The ALJ rejected Plaintiff's testimony as inconsistent the medical evidence and daily activities. AR at 22-24. However, as the ALJ erred in evaluating the above medical opinions and erred in rejecting Ms. Gresik's opinions as inconsistent with Plaintiff's activities, the ALJ similarly erred in rejecting Plaintiff's testimony. The ALJ's error in rejecting the opinions of two treating doctors necessarily requires the ALJ to reevaluate what weight should be given to the non-examining opinion to which the ALJ gave great weight. And finally, the need to reweigh evidence on remand necessitates the ALJ to revisit Plaintiff's RFC and whether there are jobs that Plaintiff can perform in the national economy.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 12th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge